IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RODNEY HEIDEN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 04 C 2564 |
| LITTELFUSE, INC., | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Rodney Heiden has sued his former employer, Littelfuse Inc., under the Americans with Disabilities Act, 42 U.S.C. § 12101, and the Age Discrimination in Employment Act, 29 U.S.C. 621. Heiden claims that Littelfuse failed to reasonably accommodate his learning disability and fired him because of his disability or age. Littelfuse has moved for summary judgment. For the following reasons, the Court grants Littelfuse's motion.

## FACTS

Heiden, who is 56 years old, began working for Littelfuse as a stock material handler in Littlefuse's Des Plaines facility in January 1973. The job required Heiden to collect various automobile fuse-making materials and distribute them as needed to Littelfuse's several production departments. Heiden performed the job capably for nearly thirty years, receiving employment evaluations ranging from satisfactory to superior. Things changed, however, in April 2001, when Littelfuse eliminated Heiden's job and transferred him to a different department. Initially, his responsibilities were similar to those of a stock material handler, but over time he was also given "backflushing" duties, the process of sorting and counting the

1

finished boxes of product as they came off the conveyer, stacking them on pallets, scanning the bar code on the boxes and entering the number of boxes of the finished product into the computer. Heiden experienced difficulty adjusting to this new job, and as a result, his relationship with his supervisors, Judith Iverson and Larry Smith, became strained. On several occasions Smith and Iverson called Heiden "clumsy," "old man," and "big ox," names which Heiden did not appreciate. Also during this time, Littelfuse's computer system disclosed numerous backflushing errors traced to Heiden's department. As a result, Smith and Iverson warned him on at least four occasions in November and December 2002 to backflush more carefully. When the warnings failed to remedy the errors, Littelfuse terminated Heiden's employment.

Heiden claims it is impossible to know who committed the backflushing errors because other people, specifically Heiden's supervisors, also performed backflushing in the department, and computer records fail to identify which worker committed each error. Heiden nonetheless stops short of completely denying the errors, conceding that he did most of the backflushing in the department and that he could have made some of the mistakes.

Heiden also believes that regardless of who committed the errors and despite what Littelfuse may assert, he was actually fired because of a severe learning disability caused by his poor short-term memory. This disability manifested itself at a young age and caused Heiden to spend much of his elementary and high school years in special education classes. Heiden's expert witness, Dr. Steven Rothke, administered an I.Q. test to Heiden sometime after his termination and estimated that Heiden's overall I.Q. is somewhere between 74 and 83. This score, according to Dr. Rothke, demonstrates that Heiden's intellectual functioning is relatively

2

weak and could indicate mild mental retardation. Moreover, Heiden's scores on certain I.Q. subtests, including those involving the general area of "working memory," indicate an extremely low ability that affects his performance in a broad range of activities. Heiden states that he told his supervisors about this disability when he first started working in 1973 and again in April and October 2002 once he transferred to the backflushing job. Littelfuse counters that it terminated Heiden because of his backflushing mistakes, not his alleged learning disability.

Finally, Heiden asserts that in addition to being terminated because of his disability, Littelfuse failed to reasonably accommodate him by giving him a job in another department that did not involve backflushing responsibilities.

## DISCUSSION

On a motion for summary judgment, the court is required to consider the evidence and draw reasonable inferences in favor of Heiden, the non-moving party. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In employment discrimination cases like this one, this standard is applied strictly, since these cases often involve credibility issues typically reserved for a trier of fact. *See Robinson v. PPG Industries, Inc.*, 23 F.3d 1159, 1162 (7th Cir. 1994).

1. **ADA**

The ADA provides disabled persons with two principal workplace rights. The first prohibits employment discrimination against a qualified individual with a disability. 42 U.S.C. § 12112(a). The second requires employers to provide reasonable accommodations to individuals with a disability who are otherwise qualified to perform their job. 42 U.S.C. § 12112(b). Heiden claims that Littelfuse violated both rights.

3

### a. Disability discrimination

To establish a *prima facie* case of disability discrimination, a plaintiff must show that he is disabled within the meaning of the ADA; he is qualified to perform the essential functions of his job either with or without reasonable accommodation; and he suffered an adverse employment action because of his disability. *Dvorak v. Mostardi Platt Assocs., Inc.*, 289 F.3d 479, 483 (7th Cir. 2002). If the plaintiff establishes a *prima facie* case, the burden shifts to the employer to produce a non-discriminatory reason for the adverse employment action. *Id.* If the employer satisfies this burden, the inference of discrimination disappears, and the plaintiff must prove by a preponderance of the evidence that the employer's proffered reason is pretext for intentional discrimination. *Id.*

For purposes of discussion, we assume that Heiden is able to establish a *prima facie* case and proceed directly to the issue of pretext. *See, e.g., Johnson v. Nordstrom, Inc.*, 260 F.3d 727, 732 (7th Cir. 2001). To establish pretext, Heiden must prove more than that Littelfuse's proffered reason was wrong or demonstrated poor business judgment. *Green v. Natl. Steel Corp., Midwest Div.*, 197 F.3d 894, 899 (7th Cir. 1999). He must prove that the reason Littefuse gives is not the real reason for its actions. *Id.* To meet this burden, Heiden cites *Dyrek v. Garvey*, 334 F.3d 590, 598 (7th Cir. 2003), for the proposition that a plaintiff can prove pretext by showing the employer's proferred reason is "factually baseless." He claims that Littelfuse's reason is factually baseless because someone else *might* have committed the backflushing errors (i.e., there is no way to know who committed the errors because the computer records only disclose which department committed the error.) That is insufficient to permit a reasonable jury to find Littelfuse's proffered reason is factually baseless. Heiden has not offered evidence that would

4

permit a finding that Littelfuse "did not, at the time of his discharge, honestly believe the reason it gave for firing him." *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 694-95 (7th Cir. 2000).

Heiden also attempts to prove pretext by showing that Littelfuse tolerated his errors before he assumed the backflushing duties. This does not tend to show that Littelfuse's reasons were pretextual, but rather suggests only that a lower error rate was tolerated at his new position. Littelfuse asserts, and Heiden does not contest, that errors in backflushing affected other departments, while errors in Heiden's previous job did not. Absent facts suggesting that Littelfuse's stated reasons for tolerating fewer blackfushing errors were dishonest, Heiden cannot satisfy his summary judgment burden.

Finally, Heiden suggests that Littelfuse tolerated the backflushing errors of Eloy Huicochea, another employee in the department, without terminating him. It is true that evidence of differential treatment of similarly situated persons outside the same protected class is an accepted means of showing pretext, *see, e.g., Sarsha v. Sears, Roebuck & Co.*, 3 F.3d 1035, 1042 (7th Cir. 1993), but Heiden admits, in his response to defendant's Rule 56.1 statement, that "Huicochea's number of errors was less than Plaintiff's, given the period of time and number of shipments covered." Pl.'s 56.1 Resp. ¶ 239. Absent evidence from which a jury reasonably could find that Heiden and Huicochea were similarly situated in the number of errors they made, Littelfuse's treatment of Huicochea does not support a finding of pretext. *See Johnson v. West*, 218 F.3d 725, 733 (7th Cir. 2000) ("[O]ne means of demonstrating pretext is to put forth evidence that employees outside the protected class who were involved in misconduct of *comparable seriousness* were not subject to similar adverse employment action.") (emphasis

added).

For these reasons, Littefuse is entitled to summary judgment on Heiden's discrimination claim.

**B.  Reasonable accommodation**

An employer must reasonably accommodate a disabled employee's limitations, unless doing so would impose an undue hardship. 42 U.S.C. § 12112(b)(5)(A); *EEOC v. Sears, Roebuck & Co.*, 417 F.3d 789, 802 (7th Cir. 2005). Heiden claims that Littelfuse failed to accommodate his disability by refusing to transfer him to another job. *Gile v. United Airlines, Inc.*, 95 F.3d 492, 498 (7th Cir. 1996) ("[T]he ADA may require an employer to reassign a disabled employee to a different position as reasonable accommodation where the employee can no longer perform the essential functions of [his] current position."). To show that Littelfuse failed to accommodate him in this manner, Heiden must show that such an accommodation existed. *See Mays v. Principi*, 301 F.3d 866, 870 (7th Cir. 2002) (Rehabilitation Act case; "The plaintiff cannot seek a judicial remedy for the employer's failure to accommodate her disability without showing that a reasonable accommodation existed."). Simply pointing to another position in the company is not enough. Heiden must show that he was qualified for a position that was vacant during the time in question. *Gile*, 213 F.3d at 374 ("[T]he ADA does not obligate employers to 'bump' other employees or create new positions."). Though Heiden claims he could have performed the "picker-packer" job in another department, he presents no evidence from which a jury reasonably could find that such a position was available at the time he was fired. Accordingly, Heiden's reasonable accommodation claim fails as well.

**2.  ADEA**

In his response brief, Heiden does little to develop his ADEA claim. He fails to articulate any of the elements of a *prima facie* case and focuses instead on his ADA claim. In order to establish a *prima facie* case of age discrimination, Heiden must present evidence from which a jury could conclude that he belongs to a protected class; he performed his job satisfactorily; he suffered an adverse employment action; and Littelfuse treated similarly situated employees outside his protected class more favorably. *Chiaramonte v. Fashion Bed Group, Inc.*, 129 F.3d 391, 398 (7th Cir. 1997). Among other things, Heiden fails to identify evidence suggesting that Littelfuse treated a similarly situated employee outside his protected class more favorably. Heiden concedes that he does not know the age of Huicochea, the man who took over his backflushing job. Pl.'s Resp. at 5. This lack of evidence is fatal to Heiden's ADEA claim.

## CONCLUSION

For the foregoing reasons, Littelfuse, Inc.'s motion for summary judgment is granted [docket no. 19]. The Clerk is directed to enter judgment in favor of the defendant. The trial date of January 9, 2006 is vacated.

                                                               _____
                                                                      MATTHEW F. KENNELLY
                                                                      United States District Judge

Date: September 8, 2005